

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Kieran G. Doyle**
(212) 790-9261
kgd@cll.com

February 17, 2023

<u>VIA ECF</u>

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Courtroom 705
New York, New York 10007

      Re:    Nike, Inc. v. USAPE LLC,
                1:23-cv-00660

Dear Judge Gardephe:

      We represent Defendant USAPE LLC ("BAPE") in the above-referenced lawsuit. We write pursuant to Rule IV.A. of the Court's Individual Rules of Practice to request a pre-motion conference for BAPE's anticipated motion to dismiss the Complaint (Doc. No. 1) filed by Plaintiff Nike, Inc. ("Nike") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Specifically, Nike has failed to identify the elements of its asserted trade dress on which its claims are based and therefore failed to identify its purported trade dress with the requisite particularity. Therefore, the Complaint must be dismissed in its entirety. BAPE's counsel has informed Nike's counsel that BAPE intends to file this motion, and Plaintiff's counsel has advised that it is prepared to oppose the motion.

      This dispute goes back almost fourteen years during which Nike has repeatedly failed to identify in detail the nature of its alleged rights in the overall look of its sneakers. BAPE began selling the sneaker designs at issue in 2005. Four years later, in October 2009, Nike's in-house counsel and Nike's V.P. of footwear flew to Japan twice to meet with BAPE's leadership to object to BAPE's sneaker designs as purportedly infringing Nike's trade dress. Following these two meetings, Nike presented BAPE with a proposed agreement that would require BAPE to stop selling its BAPESTA sneakers. On October 22, 2009, BAPE rejected this agreement in an email that read:

> We appreciate your efforts in coming over to Japan to discuss and present the license agreement in person. On careful review the license is not something we can rush to agree to since we do not perceive that Nike would have, at this late date, if at all, any viable or actionable claims against Nowhere/BAPE. Perhaps we are overlooking something - so in the interest of mutual cooperation, we would be more than amenable to reconsider our position, provided that you expressly spell out for us what claims Nike believes that it could advance against Nowhere/BAPE. Once

32522/002/4259322.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Gardephe
February 17, 2023
Page 2

>we receive this information, we will be able to more fully consider your offer of a license.  look forward to hearing from you.

Despite being confronted with BAPE's assessment that Nike had no "viable or actionable claims" and despite being invited to "spell out what claims Nike believes that it could advance," Nike failed to provide the specifics of its trade dress claims and dropped the matter in 2009.  Three years later, in 2012, Nike introduced its new in-house counsel to BAPE indicating that he wanted to further discuss Nike's concerns regarding the BAPESTA sneakers.  But Nike's new in-house counsel never contacted BAPE.  BAPE did not hear from Nike again regarding the BAPESTA sneakers until 2021 when Nike sent BAPE the demand letter that preceded this lawsuit.  That demand letter failed to identify the elements that make up Nike's purported trade dress.  It is one thing for Nike to fail to identify the elements of its trade dress during sporadic and informal discussions or even in a demand letter, but having filed a lawsuit that relies entirely on its purported trade dress rights, Nike has no choice but to spell out the elements of its trade dress or have its complaint dismissed.

A party alleging a violation of its trade dress must specifically identify its trade dress to sustain its claim.  *See, e.g.*, *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116–17 (2d Cir. 2001); *Sherwood 48 Assocs.*, 76 F. App'x 389, 391 (2d Cir. 2003) ("plaintiff must also offer 'a precise expression of the character and scope of the claimed trade dress'") (citation omitted); *Heller Inc. v. Design Within Reach, Inc.*, 2009 U.S. Dist. LEXIS 71991, at *14-15 (S.D.N.Y. Aug. 14, 2009).  This requirement necessitates "an articulation of which of the plaintiff's trade design elements are distinctive and how they are distinctive."  *Sara Designs, Inc. v. A Classic Time Watch Co.*, 234 F. Supp. 3d 548, 555 (S.D.N.Y. 2017); *see also Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) (plaintiff must provide "an articulation of the specific elements which comprise its distinct dress").

>Without such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market.  Courts will also be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection.  Moreover, a plaintiff's inability to explain to a court exactly which aspects of its product design(s) merit protection may indicate that its claim is pitched at an improper level of generality, i.e., the claimant seeks protection for an unprotectable style, theme or idea.

*Landscape Forms*, 113 F.3d at 381.  Consequently, courts reject trade dress claims where plaintiffs have failed to include in the complaint "a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive," *Nat'l Lighting Co. v. Bridge Metal Indus.*, Inc., 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009), and where the complaint fails to articulate "the precise nature of the trade dress" and is "without allegations as to whether and how [the] features are distinctive." *Sara Designs*, 234 F. Supp. 3d at 555.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Gardephe
February 17, 2023
Page 3

Nike's allegations in the Complaint fall short of what is required for a cognizable trade dress claim. Nike does not plead *any* of the elements that make up its Air Force 1, Dunk, or Air Jordan trade dresses (the "Asserted Marks"). Instead, it provides only the registration numbers associated with the Asserted Marks (the "Asserted Registrations"), the drawings attached to the Asserted Registrations, and photographs of certain shoes bearing the Asserted Marks. But registration numbers, drawings and photographs are not adequate. Courts encountering pleadings such as these have repeatedly held that a party cannot simply point to its registrations but must identify the features of its trade dress with specificity. This is because "[a] registration is 'prima facie evidence of the validity of the registered mark,' not the clarity of its scope." *Heller Inc.*, 2009 U.S. Dist. LEXIS 71991, at *16 (quoting 15 U.S.C. § 1115(a)). The Heller court elaborated, "a [r]egistration, particularly a vague registration, does not affect the plaintiff's obligation to specify the elements of its allegedly distinctive dress." *Id.* Nike may argue that the inclusion of drawings and photographs in the Complaint pushes its pleadings across the threshold of adequacy, but such attempts at shorthand have been rejected since "[a] plaintiff cannot simply submit an image and expect the court to determine what part or parts constitute protectable trade dress." *E. Rémy Martin & Co. v. Sire Spirits LLC*, 2022 U.S. Dist. LEXIS 4606, at *28 (S.D.N.Y. Jan. 10, 2022). And where, as here, the plaintiff is suing based on several iterations of its trade dress, it is even more important to identify the individual elements since "[d]efining the elements is especially critical when plaintiff alleges that its product trade dress is embodied in multiple products." *Id.*

Given that Nike does not identify any elements of its trade dress, it has failed to identify "which of [its] trade design elements are distinctive and how they are distinctive." *Sara Designs*, 234 F. Supp. 3d at 555. Faced with similarly deficient allegations, the court in *Remy Martin* held:

> It is beyond dispute that Plaintiff has registered marks, which are presumptively entitled to protection; however, the Complaint does not specifically allege the elements comprising its trade dress. Rather than providing a list of clearly and separately identified elements, the Complaint relies on a series of images, the registered marks, and a general description of the overall look…This is insufficient because absent sufficient particularity, a competitor would not know what new designs would be subject to challenge. Plaintiff's claims fail at the threshold because the Complaint does not 'articulate the precise nature of the trade dress [P]laintiff purports to claim.' [*Sara Designs*, 234 F. Supp. 3d at 555].

*E. Rémy Martin*, 2022 U.S. Dist. LEXIS 4606, at *28-29 (internal citations omitted). *See also Heller*, 2009 U.S. Dist. LEXIS 71991, at *16 (dismissing trade dress claims due to failure to articulate elements of trade dress even where plaintiff pled registrations and included side-by-side photographs of parties' products).

Nike cannot cure this deficiency by simply importing the descriptions of its trade dress from the Asserted Registrations into an Amended Complaint, as those descriptions are also impermissibly vague. For example, Reg. No. 3,451,905, the first registration asserted in the Complaint for Air Force 1 trade dress, reads as follows:

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Gardephe
February 17, 2023
Page 4

> The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark.

This description, which identifies parts of a shoe but does not describe what is distinctive about each of those parts, is precisely the sort of "laundry list of the elements that constitute a . . . design, rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive" that the court rejected in *Nat'l Lighting Co.*, 601 F. Supp. 2d at 562. There, the court found the following description to be insufficient:

> [T]he positioning of the fluorescent bulb, the distribution of light from the bulb, the angle at which the metal frame is curved, the placements of screws, the appearance of the inside parts, the lack of visibility of hardware, the method of wiring, the shielding design and shielding width, fixture depth, and the overall color and texture combinations

*Id.* Nike's list of shoe parts fails for the same reason National Lighting's list of light fixture parts failed.

Because Nike has failed to allege any elements of its Asserted Marks, let alone a description of how those elements are distinctive, the Court should dismiss the Complaint. To extent that such dismissal is without prejudice, Nike should be forewarned that it must allege the specific elements that comprise each of the Asserted Marks and how those elements are distinctive since it would not be sufficient to simply import the into an Amended Complaint the vague descriptions contained in the Asserted Registrations.

We thank the Court for its attention to this matter.

                                          Respectfully,

                                          /s/ Kieran G. Doyle
                                          Kieran G. Doyle

cc:     All Counsel via ECF