**Arnold & Porter**

February 22, 2023

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Courtroom 705
New York, New York 10007

      Re:    Nike, Inc. v. USAPE LLC, 1:23-cv-00660

Dear Judge Gardephe,

      We represent Plaintiff Nike, Inc. ("Nike") in the above-referenced lawsuit. Defendant USAPE LLC's ("BAPE's") proposed motion to dismiss Nike's Complaint fails on both the facts and the law.

      BAPE's sole basis for requesting dismissal is that Nike allegedly "failed to identify the elements of its asserted trade dress on which its claims are based and therefore failed to identify its purported trade dress with the requisite particularity." Doc. 20, at 1 ("Letter" or "Ltr."). But, in reality, Nike specifically identifies each asserted trade dress with more than sufficient particularity to explain to BAPE and the Court which aspects of its product designs constitute its asserted trade dress. In fact, Nike provides more particularity than is required by the cases on which BAPE relies.

      BAPE is a serial copyist of Nike's iconic footwear designs. *See, e.g.*, Compl. ¶ 2. BAPE promotes and sells five different footwear products, each of which BAPE intentionally designed to copy a specific iconic Nike footwear design. *Id.*, ¶¶ 2, 61, 66, 73, 81, 83, 88, 95. More specifically, BAPE's accused BAPE STA is a copy of Nike's Air Force 1 Low design; BAPE's accused BAPE STA Mid is a copy of Nike's Air Force 1 Mid design; BAPE's accused COURT STA High is a copy of Nike's Air Jordan 1 High design; BAPE's accused COURT STA Low is a copy of Nike's Air Jordan 1 Low OG design; and BAPE's accused SK8 STA is a copy of Nike's Dunk Low design. The images below, which come directly from Nike's Complaint, show each asserted trade dress next to the Nike product that bears the asserted trade dress and the accused BAPE product that copies that asserted trade dress.



Nike registered each asserted trade dress with the U.S. Patent and Trademark Office (the "USPTO") prior to filing this lawsuit. To obtain those federal registrations, Nike submitted trademark applications to the USPTO that included detailed written descriptions and corresponding diagrammed illustrations describing in great detail the elements that constitute each trade dress. For example, the information below, which is incorporated into Nike's Complaint, shows the detailed written description and corresponding diagrammed illustration that Nike submitted to the USPTO for its Air Force 1 Low trade dress.

| Reg. No. | Detailed Written Description | Diagrammed Illustration |
|---|---|---|
| 3,451,905 | The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. | |

The expert examiners at the USPTO thoroughly examined Nike's applications and determined Nike was entitled to registrations on the principal register. Each of Nike's federal trademark registrations is entitled to a presumption of validity and distinctiveness. 15 U.S.C. § 1057(b) ("A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark[.]"); Trademark Manual of Examining Procedure ("TMEP") § 1202.02 (explaining that the determination of whether a trade dress is protectable, including whether a trade dress is distinctive, is informed by the Trademark Office's review of "the application content, including the drawing [and] the description of the mark[.]").

In its Complaint, Nike expressly referenced and incorporated its federal trademark registration certificates that describe in detail its asserted trade dress. *See* Compl., ¶¶ 24, 30, 37; Exs. 1-6. BAPE's suggestion that Nike's incorporation of its federal trade dress

registrations cannot be sufficient to identify with particularity the asserted trade dress is unsupported by law and is otherwise non-sensical. There can be no dispute that "[a] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). And courts in this district and others have found that referencing and incorporating federal trademark registration certificate is sufficient to identify the asserted trade dress with particularity. For example, in *Nat'l Hockey League v. Hockey Cup LLC*, the court held that the NHL's "list[ing of] its registrations for its Stanley Cup trade dress in the complaint" satisfied the requirement to offer "a precise expression of the character and scope of the claimed trade dress." No. 18-cv-6597, 2019 WL 130576, at *7 (S.D.N.Y. Jan. 8, 2019).

BAPE does not cite a single case that stands for the proposition that Nike is required to do more in its Complaint than it has already done. In *Heller*, the plaintiff attached a trade dress registration certificates to its complaint that contained no written description or corresponding diagrammed illustration identifying the specific elements of its trade dress. *Heller Inc. v. Design Within Reach, Inc.,* No. 09-cv-1909-JGK (S.D.N.Y. March 2, 2009) (Dkt. 1), 21 (*Heller* Registration No. 3,270,850). As shown in the table below, the detailed descriptions in Nike's asserted trade dress registrations stand in stark contrast to *Heller's* asserted trade dress registration. *Compare id. with* Compl., ¶¶ 24, 30, 37; Exs. 1-6.

| Nike's '905 Trade Dress Written Description | *Heller*'s Asserted Trade Dress Written Description |
|---|---|
| The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. | [None] |
| **Nike's '905 Trade Dress Diagrammed Illustration** | ***Heller*'s Asserted Trade Dress Illustration** |
| (shoe illustration) | (chair illustration) |

**Arnold & Porter**

February 22, 2023
Page 4

Similarly, the *E. Remy Martin* case that BAPE cites is nothing like the instant case. There, the plaintiff accused a single bottle design of infringement because the bottle design allegedly had a "toroidal design with [a] recessed center." *See E. Remy Martin & Co. v. Sire Spirits LLC,* 1:21-cv-06838-AKH (S.D.N.Y. Aug. 13, 2021) (Dkt. 1) ("*Remy* Compl."), ¶¶ 2, 18. But in its original complaint, the plaintiff referenced four different trade dress registrations, a design patent, and seven different bottle designs as allegedly embodying its single asserted trade dress. Each registration had a materially different written description from the others and none described the trade dress as a "toroidal design with [a] recessed center." *See Remy* Compl., Exs. B-E. Instead of identifying the specific trade dress registration(s) it intended to assert against the accused product in that case, the plaintiff vaguely lumped all four registrations together, leaving the court and the defendant to guess what trade dress rights the plaintiff actually intended to assert against the accused product design. *Id*.

Not surprisingly, in *E. Remy Martin*, the court ordered the plaintiff to provide a more particular description of what trade dress rights it intended to assert. But Nike's allegations in this case are nothing like the allegations in *E. Remy Martin.* Nike does not vaguely assert numerous, different trade dress registrations against a single product leaving the Court and BAPE to guess which registration(s) it intends to assert against the product. To the contrary, Nike specifically links each asserted trade dress registration to a specific accused product *e.g.*, the '905 Registration embodies the Air Force 1 Low and is infringed by BAPE's knockoff BAPE STA. *See* Compl., ¶ 2. This is shown in the images below, which come directly from Nike's Complaint. *Id*.



Moreover, and tellingly, BAPE in its Letter does not tell the Court the rest of the story in *E. Remy Martin*—which supports the sufficiency of Nike's allegations. *See E. Remy Martin & Co.,* 1:21-cv-06838-AKH (S.D.N.Y. Mar. 22, 2022) (Dkt. 81). The court in that case gave the plaintiff an opportunity to file an amended complaint to clarify which trade dress rights it intended to assert against the single accused product. *Id*. The plaintiff did so, providing the following written description of the asserted trade dress: "(a) a toroidal shape, (b) a flat, recessed center; and (c) ridging on the front and back surfaces surrounding the recessed center of the bottle and encircling the outward edges[,]" which "creates a scalloped appearance when the bottle is viewed from the front or back." *See id.*, 1. The court found that the plaintiff's description satisfied the pleading standards. *Id*. That is significant because, here, Nike's federal registrations with their detailed written

descriptions and corresponding diagrammed illustrations describe the asserted trade dress with just as much, if not more, particularity than the description the court ultimately found sufficient in *E. Remy Martin.*

BAPE's citations to *Yurman Designs Inc.*, *Sherwood 48 Assocs.*, *Sara Designs, Inc.*, *Landscape Forms, Inc.*, and *Nat'l Light Co.,* are also inapposite. In each of those cases, the plaintiff asserted an *unregistered* trade dress. The pleading requirements are different for unregistered and registered trade dress. *See, e.g., Tracey Tooker & TT Ltd., Inc. v. Whitworth*, 212 F. Supp. 3d 429, 435 (S.D.N.Y. 2016) (explaining that the law, and pleading requirements, are different).That is, unlike Nike, the plaintiffs in those case did not cite and incorporate a federal registration with a detailed written description and corresponding diagrammed illustration because there was no federal registration. The experts at the USPTO had not determined that the plaintiffs in those cases owned trade dress rights prior to the lawsuits. In those cases the courts were required to ascertain the elements of the asserted trade dress and whether the asserted trade dress was distinctive in the first instance to determine whether it was appropriate to afford them protection. Here, this Court need not engage in the same inquiry as each of Nike's asserted trade dresses has already been evaluated and duly registered by the experts at the USPTO.

Likewise, *Yurman Designs Inc.*, *Sherwood 48 Assocs.*, *Sara Designs, Inc.*, *Landscape Forms, Inc.*, and *Nat'l Light Co.*, do not stand for the proposition that Nike— an owner of *registered* trade dress—is required to identify how each *individual* element of its trade dress is distinctive. The asserted trade dresses are entitled to a presumption of distinctiveness and it is well-settled law that "it is the combination of elements and the total impression that the dress gives to the observer that should be the focus of a court's analysis of distinctiveness." *Tecnimed SRL v. Kidz-Med, Inc.*, 763 F. Supp. 2d 395, 405 (S.D.N.Y. 2011), *aff'd*, 462 F. App'x 31 (2d Cir. 2012) (Gardephe, J.); 15 U.S.C. § 1057(b) ("A certificate of registration … shall be prima facie evidence of the validity" of the mark").

BAPE's remaining arguments detailing the purported history of the dispute between the parties are incorrect and incomplete. *See* Ltr., 1-2. Moreover, these incorrect and incomplete arguments are irrelevant to BAPE's request for dismissal. Nike's Complaint provides an accurate summary of the history of this dispute, and Nike will elaborate on that history at the appropriate time as provided in the Court's scheduling order.

In sum, Nike's Complaint contains well-pleaded allegations that more than meet the requisite pleading standard by identifying each element of each asserted trade dress through both a detailed written description and corresponding diagrammed illustration. BAPE has not—because it cannot—point to any authority that would require pleading to a higher bar than Nike has already met. Accordingly, Nike respectfully requests that the Court deny BAPE's request to file a motion to dismiss and require BAPE to answer Nike's well-pleaded allegations in the Complaint.

Arnold & Porter

February 22, 2023
Page 6

Best regards,

*Michael Gershoni*

**Michael J. Gershoni**
**Arnold & Porter Kaye Scholer LLP**

Christopher J. Renk
Michael J. Harris
Aaron P. Bowling
Bridgette C. Gershoni
Michael J. Sebba

Counsel for Plaintiff Nike, Inc.