IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

NIKE, INC.

        Plaintiff,

-against-

USAPE LLC

        Defendant.

Case No. 1:23-cv-00660

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS THE COMPLAINT</u>**

Kieran G. Doyle (kgd@cll.com)
Jeremy A. Berman (jab@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036-1525
Telephone (212) 790-9261
Attorneys for Defendant

32522/002/4334120.2

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................... **Error! Bookmark not defined.**
PRELIMINARY STATEMENT ................................................................................................1
STATEMENT OF FACTS ..........................................................................................................1
LEGAL STANDARD..................................................................................................................3
ARGUMENT................................................................................................................................4
Nike's Claims Should All Be Dismissed For Failure to Identify the Trade Dress
    Allegedly Infringed by BAPE.........................................................................................4
CONCLUSION............................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013)..................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................3

*E. Rémy Martin & Co. v. Sire Spirits LLC*,
  2022 U.S. Dist. LEXIS 4606 (S.D.N.Y. Jan. 10, 2022)..............................6, 7, 9

*Heller Inc. v. Design Within Reach, Inc.*,
  2009 U.S. Dist. LEXIS 71991 (S.D.N.Y. Aug. 14, 2009).......................4, 6, 7, 8

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
  113 F.3d 373 (2d Cir. 1997)...................................................................................4, 5

*Sara Designs, Inc. v. A Classic Time Watch Co.*,
  234 F. Supp. 3d 548 (S.D.N.Y. 2017)..............................................................4, 5, 7, 8

*Taggart v. Moody's Inv'rs Serv.*,
  2007 U.S. Dist. LEXIS 52765 (S.D.N.Y. July 16, 2007) ......................................3

*Tooker v. Whitworth*,
  212 F. Supp. 3d 429 (S.D.N.Y. 2016)....................................................................6

*Willey v. J.P. Morgan Chase, N.A.*,
  2009 U.S. Dist. Lexis 57826 (S.D.N.Y. July 7, 2009)..........................................3

*Yurman Design, Inc. v. PAJ, Inc.*,
  262 F.3d 101 (2d Cir. 2001)...................................................................................4, 5

**Statutes**

15 U.S.C. § 1114..........................................................................................................2

15 U.S.C. § 1125..........................................................................................................2

New York General Business Law § 133......................................................................2

New York General Business Law § 360-L..................................................................3

32522/002/4334120.2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................1

Defendant USAPE LLC ("Defendant" or "BAPE") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Nike, Inc.'s ("Plaintiff" or "Nike") Complaint for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Nike claims trade dress protection in the look of its Air Force 1, Air Jordan 1, and Dunk sneakers (the "Alleged Trade Dress"), i.e. according to Nike, the sneakers themselves serve a source indicative function independent of its "swoosh" logo, its NIKE word mark or any of the other word marks that appear on these sneakers.

BAPE has sold the sneakers that are the subject of the Complaint in this action in the United States since 2005 (the "BAPE Sneakers"). Although there is no doubt that Nike was aware of the Bape Sneakers since at least 2009 when Nike first engaged in conversations with BAPE about those sneakers, Nike waited until 2022 to bring this action alleging that the BAPE Sneakers infringe Nike's Alleged Trade Dress.

This late-filed suit fails because Nike has not identified which attributes of its sneakers are distinctive enough to constitute source-indicative, protectable trade dress, making it impossible for BAPE or any other shoemaker to know what designs to avoid in order to steer clear of Nike's alleged rights. Nike has therefore failed to identify its purported trade dress with the requisite particularity, and the Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS

The facts relevant to this motion are taken from the Complaint. Defendants here offer only a brief synopsis of the Complaint.

BAPE started selling the BAPE Sneakers in the United Stated eighteen years ago, and this dispute goes back almost fourteen years during which Nike has repeatedly failed to identify in

detail the nature of its alleged rights in the overall look of its sneakers. BAPE began selling the sneaker designs at issue in 2005. Compl. ¶ 3. Four years later, in 2009, Nike representatives flew to Japan to meet with BAPE's leadership to object to BAPE's sneaker designs as purportedly infringing Nike's trade dress. *Id.* ¶ 45. Despite BAPE's request that it do so, Nike refused to explain the source and nature of its alleged rights and dropped the matter in 2009. Nike contacted Bape again in 2012, but again, Nike quickly dropped the matter. To some extent, Nike is correct when it likens the interaction between the parties to a game of Whac-A-Mole. *Id.* ¶ 3. Nike is like the player with the mallet. But while the arcade player may spend a couple of minutes furiously swinging a mallet in an effort to score points, Nike has spent 18 years taking sporadic swipes at Bape, but always failing to follow through. Or maybe Nike is the mole, popping up every few years to claim that BAPE is causing it harm, and then disappearing back into its hole when BAPE simply asks Nike to explain the source and nature of its alleged rights and define its trade dress.[1]

Now, nearly fifteen years after since it first contacted BAPE, Nike has again asserted its Alleged Trade Dress, this time filing an action against BAPE with claims for (1) Trademark infringement in violation of 15 U.S.C. § 1114, (2) false designation of origin/unfair competition in violation of 15 U.S.C. § 1125(a), (3) common law trademark infringement and unfair competition, (4) trademark infringement under New York General Business Law § 133, and (5)

---

[1] BAPE is not the only sneaker brand threatened by Nike, only for Nike to back off when its vague and feeble trade dress was targeted. Specifically, in 2009 Nike sued Already LLC ("Already") alleging that two of Already's athletic shoes violated Nike's Air Force 1 trademark. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 88 (2013). Already counterclaimed, challenging the validity of Nike's Air Force 1 trade dress registration. Id. Apparently fearing it was about to lose one if its implements of monopoly, Nike issued a covenant not to sue promising not to raise any trademark or unfair competition claims against Already's footwear based on the Air Force 1 trade dress. Id. at 89. .

dilution under New York General Business Law § 360-L, all of which are based on the Alleged Trade Dress.

Despite these numerous claims, Nike has failed to identify the elements of its purported trade dress with the type of specificity necessary to pursue a claim for trade dress infringement. Instead, Nike provides only the registration numbers associated with the Asserted Marks, the drawings attached to the Asserted Registrations, and photographs containing images of certain shoes allegedly bearing the Asserted Trade Dress. Compl. ¶¶ 2, 17, 24, 27, 30, 33, 37. These pleadings are not sufficient to describe Nike's trade dress with specificity, and the Complaint must therefore be dismissed.

## LEGAL STANDARD

As this Court has recognized, a valid complaint "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Willey v. J.P. Morgan Chase, N.A.*, 2009 U.S. Dist. Lexis 57826, at *4 (S.D.N.Y. July 7, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the Plaintiff's allegations of fact "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Further, although the Court must assume the truth of Plaintiff's factual allegations for purposes of a dismissal motion, "'legal conclusions, deductions, or opinions couched as factual allegations are not given [this] presumption of truthfulness.'" *Taggart v. Moody's Inv'rs Serv.*, 2007 U.S. Dist. LEXIS 52765, at *4 (S.D.N.Y. July 16, 2007) (quoting *Black v. Town of Harrison*, 2002 U.S. Dist. LEXIS 16597, at *9 (S.D.N.Y. Sept. 5, 2002)).

Under this standard, the threadbare and conclusory allegations of right in various product configurations found in the instant complaint fail to state any plausible claims for trade dress infringement.

## ARGUMENT

**Nike's Claims Should All Be Dismissed For Failure to Identify the Trade Dress Allegedly Infringed by BAPE**

A party alleging a violation of its trade dress must specifically identify its trade dress to sustain its claim.  *See, e.g.*, *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116–17 (2d Cir. 2001); *Sherwood 48 Assocs.*, 76 F. App'x 389, 391 (2d Cir. 2003) ("plaintiff must also offer 'a precise expression of the character and scope of the claimed trade dress'") (citation omitted); *Heller Inc. v. Design Within Reach, Inc.*, 2009 U.S. Dist. LEXIS 71991, at *14-15 (S.D.N.Y. Aug. 14, 2009). This requirement necessitates "an articulation of which of the plaintiff's trade design elements are distinctive and how they are distinctive."  *Sara Designs, Inc. v. A Classic Time Watch Co.*, 234 F. Supp. 3d 548, 555 (S.D.N.Y. 2017); *see also Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) (plaintiff must provide "an articulation of the specific elements which comprise its distinct dress").

> Without such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market.  Courts will also be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection.  Moreover, a plaintiff's inability to explain to a court exactly which aspects of its product design(s) merit protection may indicate that its claim is pitched at an improper level of generality, i.e., the claimant seeks protection for an unprotectable style, theme or idea.

*Landscape Forms*, 113 F.3d at 381.  Consequently, courts reject trade dress claims where plaintiffs have failed to include in the complaint "a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive," *Nat'l Lighting Co. v. Bridge Metal Indus.*,

4

Inc., 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009), and where the complaint fails to articulate "the precise nature of the trade dress" and is "without allegations as to whether and how [the] features are distinctive." *Sara Designs*, 234 F. Supp. 3d at 555.

The standard for pleading trade dress protection is particularly high for product configuration trade dress. Courts in the Second Circuit "have been reluctant to extend trade dress protection to a product's design (as opposed to its packaging). . . ." *Nat'l Lighting*, 601 F. Supp. 2d at 561. *See also Landscape Forms*, 113 F.3d at 380 ("[C]ourts have exercised particular 'caution' when extending protection to product designs.") (quoting *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 32 (2d Cir. 1995). Because "[p]roduct design is driven primarily by the usefulness or aesthetic appeal of the object[,] trade dress protection for product design [] entails a greater risk of impinging on ideas as compared with protection of packaging or labeling." *Yurman*, 262 F.3d at 116.

As high as the standard is for pleading product configuration trade dress, it is higher still when a court is asked to extend trade dress protection to "an entire line of products (as opposed to a single product)." *Nat'l Lighting*, 601 F. Supp. 2d at 561. Although a plaintiff "may seek trade dress protection for an entire product line, by establishing that the 'overall look' in each separate product is 'consistent,'" *Yurman*, 262 F.3d at 116 (quoting *Walt Disney Co. v. GoodTimes Home Video Corp.*, 830 F. Supp. 762, 766 (S.D.N.Y. 1993)), when a plaintiff seeks such protection, "for obvious reasons, concern for protecting competition is . . . particularly 'acute.'" *Id.* (quoting *Landscape Forms*, 113 F.3d at 380). Based on such competitive concerns, "a trade dress plaintiff seeking to protect a series or line of products faces the particularly difficult challenge of showing that the appearance of its several products is sufficiently distinct and unique to merit protection as a recognizable trade dress." *Landscape Forms*, 113 F.3d at 380 (emphasis added).

5

Nike's allegations in the Complaint fall short of what is required for a cognizable trade dress claim. Nike does not plead *any* of the elements that make up its Asserted Trade Dress. Instead, it provides only the registration numbers associated with the Asserted Trade Dress (the "Asserted Registrations"), the drawings attached to the Asserted Registrations, and photographs of certain shoes allegedly bearing the Asserted Marks. But registration numbers, drawings and photographs are not adequate. Courts encountering pleadings such as these have repeatedly held that a party cannot simply point to its registrations but must identify the features of its trade dress with specificity. This is because "[a] registration is 'prima facie evidence of the validity of the registered mark,' not the clarity of its scope." *Heller Inc.*, 2009 U.S. Dist. LEXIS 71991, at *16 (quoting 15 U.S.C. § 1115(a)). The *Heller* court elaborated, "a [r]egistration, particularly a vague registration, does not affect the plaintiff's obligation to specify the elements of its allegedly distinctive dress." *Id.*

Nike may argue that the inclusion of drawings and photographs in the Complaint pushes its pleadings across the threshold of adequacy, but such attempts at shorthand have been rejected since "[a] plaintiff cannot simply submit an image and expect the court to determine what part or parts constitute protectable trade dress." *E. Rémy Martin & Co. v. Sire Spirits LLC*, 2022 U.S. Dist. LEXIS 4606, at *28 (S.D.N.Y. Jan. 10, 2022). *See also Tooker v. Whitworth*, 212 F. Supp. 3d 429, 434 (S.D.N.Y. 2016) ("Although [plaintiff] has submitted numerous photos of her hats, the Court cannot distill the distinctive elements of [plaintiff's] trade dress from a collection of photos."). And where, as here, the plaintiff is suing based on several iterations of its trade dress, it is even more important to identify the individual elements since "[d]efining the elements is especially critical when plaintiff alleges that its product trade dress is embodied in multiple products." *Id.*

Given that Nike does not identify any elements of its trade dress, it has failed to identify "which of [its] trade design elements are distinctive and how they are distinctive." *Sara Designs*, 234 F. Supp. 3d at 555. Faced with similarly deficient allegations, the court in *Rémy Martin* held:

> It is beyond dispute that Plaintiff has registered marks, which are presumptively entitled to protection; however, the Complaint does not specifically allege the elements comprising its trade dress. Rather than providing a list of clearly and separately identified elements, the Complaint relies on a series of images, the registered marks, and a general description of the overall look…This is insufficient because absent sufficient particularity, a competitor would not know what new designs would be subject to challenge. Plaintiff's claims fail at the threshold because the Complaint does not 'articulate the precise nature of the trade dress [P]laintiff purports to claim.' [*Sara Designs*, 234 F. Supp. 3d at 555].

*E. Rémy Martin*, 2022 U.S. Dist. LEXIS 4606, at *28-29 (internal citations omitted).[2]  *See also Heller*, 2009 U.S. Dist. LEXIS 71991, at *16 (dismissing trade dress claims due to failure to articulate elements of trade dress even where plaintiff pled registrations and included side-by-side photographs of parties' products).[3]

Nike cannot cure this deficiency by simply importing the descriptions of its trade dress from the Asserted Registrations into an Amended Complaint, as those descriptions are also

---

[2] In its Pre-Motion Letter (ECF No. 21), Nike asserts that *E. Rémy Martin* is distinguishable because the plaintiff there asserted a collection of trade dress against a collection of products without tying each specific trade dress to each of the defendant's products, whereas Nike claims to have done so in the Complaint by lining up a drawing of each asserted trade dress next to a photograph of each line of the BAPE Sneakers. But Nike's argument ignores the fact that a plaintiff must plead the existence and nature of the trade dress it relies upon before it can successfully allege infringement of that trade dress by another party. Photographs of the BAPE Sneakers do nothing to establish whether Nike has protectible trade dress.

[3] Nike notes in its Pre-Motion Letter that the registrations asserted in *Heller* contained no written description of the trade dress, whereas Nike's registrations do contain written descriptions. But just because another plaintiff did an even worse job than Nike at pleading its claim does not make Nike's pleadings sufficient. As discussed below, the written descriptions in Nike's registrations are so vague as to be meaningless.

impermissibly vague.  For example, Reg. No. 3,451,905, the first registration asserted in the Complaint for Air Force 1 trade dress, reads as follows:

> The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark.

This description, which identifies parts of a shoe but does not describe which elements of those parts are supposedly source indicative or what is distinctive about each of those elements, is precisely the sort of "laundry list of the elements that constitute a . . . design, rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive" that the court rejected in *Nat'l Lighting Co.*, 601 F. Supp. 2d at 562.  There, the court found the following description to be insufficient:

> [T]he positioning of the fluorescent bulb, the distribution of light from the bulb, the angle at which the metal frame is curved, the placements of screws, the appearance of the inside parts, the lack of visibility of hardware, the method of wiring, the shielding design and shielding width, fixture depth, and the overall color and texture combinations

*Id.*  Similarly the Southern District rejected a trade dress claim where the complaint "merely contain[ed] a high level description of features of several watches, such as 'gradient chain,' 'lobster claw closure,' and 'leaf-shaped logo,' without allegations as to whether and how those features are distinctive."  *Sara Designs*, 234 F. Supp. 3d at 555.  Nike's list of shoe parts fails for the same reason National Lighting's list of light fixture parts and Sara Designs' list of watch parts failed.  For example, Reg. No. 3,451,905 lists "the design of the material panels that form the exterior body of the shoe" as an element of its trade dress.  But *what* design does the material panel have that is different from any other material panel on any other shoe?  Nike does not explain, and so it

is impossible for BAPE or any other shoemaker to know what design to avoid in order to avoid an infringement lawsuit from Nike.[4]

Because Nike has failed to allege any elements of its Asserted Marks, let alone a description of how those elements are distinctive, the Court should dismiss the Complaint. To extent that such dismissal is without prejudice, Nike should be forewarned that it must allege the specific elements that comprise each of the Asserted Marks and how those elements are distinctive since it would not be sufficient to simply import the into an Amended Complaint the vague descriptions contained in the Asserted Registrations.

## CONCLUSION

For the foregoing reasons, BAPE's motion to dismiss the Complaint should be granted in its entirety.

Dated: May 17, 2023                                COWAN, LIEBOWITZ & LATMAN, P.C.

By: /s/ Kieran G. Doyle
   Kieran G. Doyle (kgd@cll.com)
   Jeremy A. Berman (jab@cll.com)
114 West 47th Street
New York, New York 10036
Tel:   (212) 790-9200
Fax:   (212) 575-0671

*Counsel for Defendant USAPE LLC*

---

[4] In its premotion letter, Nike points out that the court in *E. Rémy Martin*, 2022 U.S. Dist. LEXIS 4606 eventually allowed an amended complaint clarifying that the asserted trade dress was "(a) a toroidal shape, (b) a flat, recessed center; and (c) ridging on the front and back surfaces surrounding the recessed center of the bottle and encircling the outward edges[,]" which "creates a scalloped appearance when the bottle is viewed from the front or back." *E. Rémy Martin & Co.,* 1:21-cv-06838-AKH (S.D.N.Y. Mar. 22, 2022) (Dkt. 81). But that description is clearly more specific than the descriptions found in the Asserted Registrations.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 17, 2023, I caused a true and correct copy of the foregoing **Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Complaint** to be served on Plaintiff by email as follows:

Christopher J. Renk
Chris.Renk@arnoldporter.com
Michael J. Harris
Michael.Harris@arnoldporter.com
Aaron Bowling
Aaron.Bowling@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300

Bridgette C. Gershoni
Bridgette.Gershoni@arnoldporter.com
Michael J. Gershoni
Michael.Gershoni@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-6745

Michael Sebba
Michael.Sebba@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 243-4000

Dated: New York, New York

May 17, 2022

                                          /Jeremy A. Berman/
                                           Jeremy A. Berman