IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- x
NIKE, INC.                                                     :
                                                               :
                    Plaintiff,                                 :
                                                               :   Case No. 1:23-cv-00660
        -against-                                              :
                                                               :
USAPE LLC                                                      :
                                                               :
                    Defendant.                                 :
-------------------------------------------------------------- X
```

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
<u>MOTION TO DISMISS THE COMPLAINT</u>**

Kieran G. Doyle (kgd@cll.com)
Jeremy A. Berman (jab@cll.com)
Dasha Chestukhin (dxc@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036-1525
Telephone (212) 790-9261
Attorneys for Defendant

32522/002/4372777.3

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  Ownership of Registrations Does Not Remove the Requirement That Nike
    Plead its Trade Dress in Detail..........................................................................................2

    A.  Pleading Standards for Registered and Unregistered Trade Dress
        Are Identical..........................................................................................................2

    B.  Nike Fails to Rebut the Higher Standard for Pleading Trade Dress
        in Lines of Products ..............................................................................................7

II. The Asserted Trade Dress is Not Described in Sufficient Detail .......................................8

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*,
  408 F. Supp. 3d 508 (S.D.N.Y. 2019)............................................................................7

*Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*,
  2021 U.S. Dist. LEXIS 85335 (S.D.N.Y. May 4, 2021)...................................1, 3, 5, 6

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
  348 F. Supp. 2d 217 (S.D.N.Y. 2004).........................................................................3, 4

*Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*,
  696 F.3d 206 (2d Cir. 2012).............................................................................................3

*E. Rémy Martin & Co. v. Sire Spirits LLC*,
  2022 U.S. Dist. LEXIS 4606 (S.D.N.Y. Jan. 10, 2022)..............................................6, 8

*Heller Inc. v. Design Within Reach, Inc.*,
  2009 U.S. Dist. LEXIS 71991 (S.D.N.Y. Aug. 14, 2009)............................... *passim*

*Two Pesos Inc. v. Taco Cabana, Inc.*,
  505 U.S. 763 (1992)..........................................................................................................3

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
  113 F.3d 373 (2d Cir. 1997).............................................................................5, 7, 9, 10

*Nat'l Lighting Co. v. Bridge Metal Indus.*,
  601 F. Supp. 2d 556 (S.D.N.Y. 2009)..........................................................................8, 9

*Sara Designs, Inc. v. A Classic Time Watch Co.*,
  234 F. Supp. 3d 548 (S.D.N.Y. 2017)..............................................................................8

*Tooker v. Whitworth*,
  212 F.Supp. 3d 429 (S.D.N.Y. 2016)...........................................................................5, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).......................................................................................................1

32522/002/4372777.3

Defendant USAPE LLC ("Defendant" or "BAPE") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Nike, Inc.'s ("Plaintiff" or "Nike") Complaint for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Nike's Opposition is based entirely on the incorrect assertion that there are two different pleading standards for trade dress infringement: one for when the plaintiff's trade dress is registered and one for when it is unregistered. But not one of the cases cited by Nike actually draws this distinction; it is invented by Nike. One of the cases Nike cites for this purported principle explicitly says the opposite, holding that "a plaintiff must give a precise description of the elements of its claimed trade dress *even where the product in question has a registered design trademark*." *Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*, 2021 U.S. Dist. LEXIS 85335, at *4 (S.D.N.Y. May 4, 2021) (emphasis added).

Nike cites many cases for the general and unchallenged principle that registered trade dress is presumptively protectable, but these do not change the fact that the only times this Court has seriously analyzed the instant question—whether a plaintiff alleging infringement of registered trade dress must plead its trade dress elements in detail—the Court required detailed pleadings and dismissed the infringement claims.

So reliant is Nike on its assertion that its ownership of registrations saves it from alleging its trade dress in detail that it barely attempts to defend the written descriptions on the merits. Indeed, Nike's Opposition highlights the fact that three of its six asserted registrations for allegedly different trade dresses have *identical written descriptions*. If Nike's descriptions are so vaguely written that they can equally apply to three separate designs, how can BAPE possibly know which

designs to avoid? Further, the Court cannot fashion specific injunctive relief when Nike's pleadings are so vague, and so those pleadings must be dismissed.

# ARGUMENT

### I. Ownership of Registrations Does Not Remove the Requirement That Nike Plead its Trade Dress in Detail

####    A.    *Pleading Standards for Registered and Unregistered Trade Dress Are Identical*

Nike bases its entire Opposition on what it purports is a clear distinction in the law between the infringement pleading standards for unregistered trade dress and registered trade dress, but *none* of the cases Nike cites actually make this distinction. Nike has concocted the unregistered/registered pleading distinction out of decontextualized snippets. In fact, courts in this Circuit have only identified one pleading standard for trade dress infringement and have uniformly applied it to both registered and unregistered trade dress. That standard requires a plaintiff to "articulate the specific elements which compromise its distinct dress. In addition, the plaintiff must specify not just *which* features are distinctive, but also *how* they are distinctive." *Heller Inc. v. Design Within Reach, Inc.*, 2009 U.S. Dist. LEXIS 71991, at *14 (S.D.N.Y. Aug. 14, 2009) (citations omitted, emphasis in original) (registered trade dress). The *Heller* court further explains:

> The plaintiff also suggests that because the plaintiff has a trademark registration, it need not articulate the specific elements of the trade dress that should be protected. A registration is "prima facie evidence of the validity of the registered mark," not the clarity of its scope. 15 U.S.C. § 1115(a). *Registration*, particularly a vague registration, *does not affect the plaintiff's obligation to specify the elements of its allegedly distinctive dress*. … The plaintiff cites no case that holds it is unnecessary to specify the elements of trade dress and how the elements are distinctive simply because the plaintiff has obtained a trademark registration.

*Id.* at *16-17 (citation omitted, emphases added).

Nearly all of Nike's Opposition consists of the refrain that registering a trademark is prima facie evidence that the mark is valid. BAPE does not contest this principle, but it does not follow that registration ownership absolves a plaintiff from pleading its trade dress with specificity.

2

*Heller*, looking at the same question as the one herein, made clear that registration is irrelevant to this pleading requirement.  *See also Cardinal Motors*, 2021 U.S. Dist. LEXIS 85335, at *8 n.4 (approving the holding in *Heller*).  *Cf. Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 216 n.9 (2d Cir. 2012) ("Although *Two Pesos* [*Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992)], and several of the other cases we rely upon, discuss unregistered trade dress rather than a registered trademark, the infringement analysis is the same.").

Nike's attempts to distinguish *Heller* are unavailing.  Faced with the solidity of *Heller's* reasoning, Nike instead attacks a case cited in *Heller*: *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 348 F. Supp. 2d 217, 250-51 (S.D.N.Y. 2004). Opp. at 14-16.  But *Heller*'s reasoning was not contingent upon *Cartier*, and the court listed *Cartier* only as an example of a case where a plaintiff articulated the specific elements of its trade dress despite having a registered mark. Further, Nike's critique of *Cartier* is wrong on the merits.  As a preliminary matter, the *Cartier* opinion followed a bench trial and did not deal with pleading standards.  Moreover, Nike frames *Cartier* as if the court performed two separate analyses for the plaintiff's registered marks and its unregistered marks—but the court did no such thing.  Nike further misrepresents the *Cartier* complaint, stating that the plaintiff provided detailed descriptions only for its unregistered trade dress but, for its registered trade dress, "relied on its federal registrations and did not additionally articulate … which features of its registered trade dress were distinctive and how they were distinctive." Opp. at 15.  This is not true: the plaintiff described its registered trade dress in as much detail as it did the unregistered trade dress, devoting seven paragraphs to each.  Am. Complaint, *Cartier*, 2003 U.S. Dist. Ct. Pleadings LEXIS 4752, at ¶¶ 18, 30, 33 (S.D.N.Y. May

3

13, 2003).[1]  Nike once again applies its invented registered/unregistered distinction onto a case where it did not exist and leaves out language that contradicts Nike's assertion.

Nike also tries to distinguish *Heller* on the basis that the plaintiff's registrations had no written descriptions, whereas Nike's registrations do.  As already explained in BAPE's moving brief, just because another plaintiff did an even worse job than Nike at pleading its claim does not make Nike's pleadings sufficient.  Mot. at 7.  In any case, as further explored in Section II below (infra 8), the written descriptions in Nike's registrations are so vague as to be meaningless.

---

[1] Cartier's description of one of its registered trade dresses shows the level of detail a plaintiff must use to plead a registered trade dress infringement claim:

> a) The watch face is square. The portion of the case which frames the watch face consists of relatively thin horizontal frames and relatively thick concave vertical frames (or brancards), both formed of the case metal. At each corner the vertical brancards are elongated beyond the bottom and top of the watch case, and end in inwardly angled corners. The vertical brancards are beveled along their entire length such that they slope downward laterally from the inside to the outside. (The vertical brancards may or may not be decorated with jewels.)
>
> b) The elongated brancard corners frame the end links in the bracelet chain or the end of the watch strap, as the case may be.
>
> c) The watch face features Art Deco-style Roman numerals. Each numeral inclines to conform to the angle-direction of the watch hands at such time as the hands are juxtaposed to that numeral.
>
> d) The winding crown is a faceted octagon set with a "cabochon" (rounded) stone. (Cabochon refers to the fact that the stone's side is rounded and not faceted. At the tip the stone may be rounded or pointed.)
>
> e) The watch face has a chapter ring or minute guide located between the center of the dial and the numerals.
>
> f) On models including a metal chain bracelet, the bracelet has the following distinctive design: the bracelet consists of alternating H-shaped and rectangular links. The end portions of the H-shaped links mimic the beveled upper and lower corners of the vertical brancards.
>
> g) The links may or may not be decorated with jewels.

2003 U.S. Dist. Ct. Pleadings LEXIS 4752, at ¶ 18.

4

Nike's misconstruction of cases pervades the rest of its Opposition. Nike claims that "the Second Circuit in *Landscape Forms* unambiguously addressed the question of 'under what circumstances the law of trade dress appropriately *protects* industrial design' for an *unregistered* trade dress—not registered trade dress. *Landscape Forms[, Inc. v. Columbia Cascade Co.*], 113 F.3d [373,] 375 (2d. Cir. 1997)." Opp. at 13 (emphases added by Nike). However, contrary to Nike's insinuation, no party in *Landscape Forms* argued that—and certainly the court did not consider or decide whether—the pleading standard for registered trade dress differed from that for unregistered trade dress.

Nike also asserts that a case cited by BAPE, *Tooker v. Whitworth*, 212 F. Supp. 3d 429 (S.D.N.Y. 2016), draws this distinction, but Nike misreads *Tooker*. Nike claims that the *Tooker* court "rejected the plaintiff's reliance on cases involving *registered* trade dress" (Opp. at 17, emphasis added by Nike), but the court actually rejected the plaintiff's reliance on cases involving registered trade*marks* as opposed to trade *dress*, which is not surprising as a plaintiff alleging trade*mark* infringement is not required to specify the protectable elements of its mark. *Tooker*, 212 F. Supp. 3d at 434 (dismissing plaintiff's trade dress claims where the cases cited by plaintiff were irrelevant because they did not concern "the issue here, which is a failure to specifically identify the elements of an allegedly-protectable trade dress").

Nike later cites *Cardinal Motors* as an example of a court dismissing a claim for infringement of unregistered trade dress, apparently to distinguish that case from the present case involving registered marks. Opp. at 24. But reading the full decision reveals that the court explicitly stated that "a plaintiff must give a precise description of the elements of its claimed trade dress *even where the product in question has a registered design trademark*, because while the registration is prima facie evidence of the mark's validity, it does not clarify the mark's scope."

5

*Cardinal Motors*, 2021 U.S. Dist. LEXIS 85335, at *8 n.4 (quoting *Heller*, 2009 U.S. Dist. LEXIS 71991, at *16) (emphasis added).

Nike seeks to distinguish another case relied upon by USAPE, *E. Rémy Martin & Co. v. Sire Spirits LLC*, 2022 U.S. Dist. LEXIS 4606 (S.D.N.Y. Jan. 10, 2022), solely based on Nike's concocted unregistered/registered pleading distinction. Again, this distinction does not exist, and the *Remy* court never mentions or applies it. To the contrary, the *Rémy* court explicitly states that "[a]s a threshold matter, however, where a plaintiff seeks to protect *registered* trade dress, the trade dress must be carefully defined." *Id.* at *27 (emphasis added).

In opposition to *Heller* and *Rémy*, Nike cites only one case in which the court found that the plaintiff sufficiently pled its trade dress solely by listing its registration number in the complaint. *NHL v. Hockey Cup LLC*, 2019 U.S. Dist. LEXIS 3411, at *19 (S.D.N.Y. Jan. 8, 2019). Yet in that case, whether the plaintiff had adequately described its trade dress in detail was not even before the court. There, the complaint included the description from the registration for the famous Stanley Cup as "a ridged circular base that narrows into an open bowl shape with curved lines radiating upward from the base of the bowl." *Id.* at *3. This description identifies the specific shapes that make up the trade dress and their location in relation to each other. This is considerably different from the Asserted Trade Dress, which fails to indicate what any of the "designs" referred to by Nike look like. Additionally, the Stanley Cup is one object whose appearance has remained the same for over a century. By contrast, Nike asserts trade dress rights over several product lines, with new editions released regularly over decades, yet Nike's description of what these many designs have in common is no more specific than a list of ordinary shoe parts. Moreover, the defendant in *NHL* did not object to the plaintiff's description as insufficiently detailed, so neither the parties nor the Court analyzed whether the trade dress was pled with specificity. *See also Tooker*, 212 F.Supp. 3d at 434 (distinguishing an opinion denying a motion to dismiss where "the

6

defendants in that case did not 'address the adequacy of the complaint'"). The *NHL* court was not faced with the question this Court faces and is thus inapposite.

Nor do any of the other cases cited in Nike's Opposition deal with a motion to dismiss a trade dress claim on the grounds that the trade dress was not pled with specificity. The two cases that Nike cites for the relevant pleading standard in its section called "Pleading Requirements for Trade Dress Infringement" do not even discuss pleading standards—they instead list the elements of a trade dress infringement claim in the context of motions for preliminary injunction and summary judgment respectively. *Landscape Forms*, 113 F.3d at 377; *BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 408 F. Supp. 3d 508, 520 (S.D.N.Y. 2019). Just as a list of the elements of fraud would leave out the Rule 9 requirement that a plaintiff must plead fraud with particularity, so too do these cases leave out the well-established standard that a plaintiff alleging trade dress infringement must articulate the elements of its trade dress in detail. These cases, and all the other cases cited by Nike, are not relevant to whether Nike's pleadings are adequate.[2]

      **B.**    *Nike Fails to Rebut the Higher Standard for Pleading Trade Dress in Lines of Products*

In response to BAPE's citation of cases holding that courts impose an even higher standard for proving trade dress in an entire line of products (Mot. at 5), Nike finds no cases with a contrary holding, and instead reiterates that it need do nothing more than list registration numbers to plead trade dress infringement. For the reasons discussed at length above, this is accurate.

---

[2] Nike also extensively cites the Trademark Manual of Examining Procedure ("TMEP") guidelines for how to obtain a trademark registration. But obtaining a registration and bringing a claim asking a court to impose penalties on another party are very different matters, and the TMEP does not bind this Court's ability to determine whether a complaint before it is adequately pled.

**II.     The Asserted Trade Dress Is Not Described in Sufficient Detail**

Nike concludes its Opposition with a section titled "Although not Required, Nike's Complaint Exceeds What Courts Require at the Pleading Stage for Unregistered Trade Dress." Opp. at 20. One might expect that in this section, Nike would finally attempt to defend its written descriptions on the merits. But Nike simply quotes its registrations and then repeats that, because those descriptions were sufficient for the U.S. Patent & Trademark Office to grant a registration, they must be good enough to plead trade dress infringement. Though Nike might prefer that the Court not perform an analysis of the specific language of its descriptions, this is in fact the analysis that courts perform in determining the sufficiency of a plaintiff's trade dress infringement claim. *See E. Rémy Martin*, 2022 U.S. Dist. LEXIS 4606, at *28-29; *Nat'l Lighting Co. v. Bridge Metal Indus.*, 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009); *Sara Designs, Inc. v. A Classic Time Watch Co.*, 234 F. Supp. 3d 548, 555 (S.D.N.Y. 2017). Nike fails that analysis.

Though Nike describes the written descriptions in its registrations as "detailed," they cannot serve as detailed descriptions of specific and individual trade dresses when three of the six descriptions are completely identical, and two of the other three are nearly identical. Specifically, Reg. Nos. 3,451,905, 3,451,906, and 3,711,305 share the following written description:

> The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark.

Opp. at 21.

Reg. Nos. 6,368,694 and 6,368,691 have nearly the same written description, with the only difference being that Reg. No. 6,368,691 adds the underlined portion in the below:

> The mark consists of a three-dimensional configuration comprising the design of the material panels that form the exterior body of the shoe, the design of the panel on top of the shoe that includes the eyelets for the shoe laces, the design of the ridge

8

pattern on the sides of the sole of the shoe, <u>the design of a material panel on the heel,</u> the design of a stitched line running along the midsole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. Color is not claimed as a feature of the mark.

Opp. at 21-22.

The reason courts require plaintiffs to articulate their trade dress in detail is because "[w]ithout such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market." *Landscape Forms*, 113 F.3d at 381.  If three separate trade dresses that Nike alleges are distinct have identical written descriptions, and two others are nearly identical, the Court will be unable to evaluate how unique each of those designs are.  And because these descriptions are admittedly capable of describing multiple distinct designs, there is no way to know how many more distinct designs the descriptions might cover, and no limit to the number of sneaker designers Nike can target.  To the extent that Nike believes that the identical descriptions are irrelevant because the Court can look instead to the drawings in Nike's registrations, courts have explicitly found that a plaintiff may not use images to fulfill their pleading requirements on a trade dress infringement claim.  *Heller*, 2009 U.S. Dist. LEXIS 71991, at *16 ("images alone do not satisfy the plaintiff's obligation to articulate the distinctive features of the trade dress"); *Nat'l Lighting Co.*, 601 F. Supp. 2d at 563 (a court cannot "be expected to distill from a set of images those elements that are common to a line of products and both distinctive and non-functional").

Not only are the descriptions identical, but they are merely lists of parts that most sneakers have.  This would be like a car designer claiming trade dress rights in "the design of the fender, bumper, vertical door panels, the wavy hood, and roof of the car, and the relative position of these elements to each other" without specifying what attributes or designs of those elements are claimed

9

to be source-indicative. For example, Nike asserts "the design of the material panels that form the exterior body of the shoe" as an element in five of its trade dress descriptions, but *what* is that design? Is it identical for all five shoes? Does any shoe that has material panels on the exterior infringe the Asserted Trade Dress? And, perhaps most crucially, how can BAPE—or the Court—tell? These are all questions that should be answerable from Nike's pleadings alone, but they are impossible to answer based on Nike's Complaint.

As a practical matter, it is not possible for the Court to grant injunctive relief in this action when the Asserted Trade Dress descriptions are so vague. *See Heller*, 2009 U.S. Dist. LEXIS 71991, at *17 ("Unless the plaintiff pleads more specifically, the Court will not know whether the defendant's DWR Chair infringes the protected aspects of the Bellini Chair trade dress."); *Landscape Forms*, 113 F.3d at 381 ("Courts will also be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection."). And it would be impossible for BAPE to obey an injunction that uses Nike's current trade dress descriptions, as there would be no way for BAPE to know what to avoid. For this reason, Nike's Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, BAPE's motion to dismiss the Complaint should be granted in its entirety.

Dated: June 14, 2023                COWAN, LIEBOWITZ & LATMAN, P.C.

By: /s/ Jeremy A. Berman
Jeremy A. Berman (jab@cll.com)
Dasha Chestukhin (dxc@cll.com
Kieran G. Doyle (kgd@cll.com)
114 West 47th Street
New York, New York 10036
Tel:   (212) 790-9200
Fax:   (212) 575-0671
*Counsel for Defendant USAPE LLC*

10

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 14, 2023, I caused a true and correct copy of the foregoing **Defendant's Reply Memorandum of Law in Further Support of Its Motion to Dismiss the Complaint** to be served on Plaintiff by email as follows:

Christopher J. Renk
Chris.Renk@arnoldporter.com
Michael J. Harris
Michael.Harris@arnoldporter.com
Aaron Bowling
Aaron.Bowling@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300

Bridgette C. Gershoni
Bridgette.Gershoni@arnoldporter.com
Michael J. Gershoni
Michael.Gershoni@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-6745

Michael Sebba
Michael.Sebba@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 243-4000

Dated: New York, New York

June 14, 2022

                                          /Jeremy A. Berman/
                                             Jeremy A. Berman