IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
NIKE, INC.                                                   :
                                                             :
                    Plaintiff,                               :
                                                             :   Case No. 1:23-cv-00660
           -against-                                         :
                                                             :
USAPE LLC                                                    :
                                                             :
                    Defendant.                               :
------------------------------------------------------------ X
```

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant USAPE LLC ("BAPE") respectfully gives notice of the following supplemental authority in support of BAPE's Motion to Dismiss the Complaint and Reply in further support thereof (ECF Nos. 25-26, 28). The decisions referenced below became available on September 26, 2023, after the Motion to Dismiss was fully briefed.

**Exhibit A** hereto is a September 26, 2023 decision by U.S. District Judge Mary Kay Vyskocil confirming that the "legal elements of a registered trade dress claim are the same as those of an unregistered trade dress claim," save that "a plaintiff asserting a claim for registered trade dress infringement need not plead nonfunctionality." *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 1:21-cv-03960, 2023 U.S. Dist. LEXIS 171586, at *23 (S.D.N.Y. Sep. 26, 2023) (finding that plaintiffs' detailed trade dress description—which specified marks, colors and fonts used on packaging—sufficiently pled). In its Opposition, Plaintiff Nike, Inc. ("Nike") argued that it is not required to articulate its claimed trade dress with particularity because such trade dress is registered with the U.S. Patent & Trademark Office. ECF No. 27 at 8-9, 11. The *Wonderful* decision demonstrates that Nike's argument is legally inaccurate and further rebuts the Reloaded Opinion submitted by way of Nike's Notice of Supplemental Authority ("NSM"). ECF No. 29, Exhibit A

(*Nike, Inc. v. Reloaded Merch LLC & Bill Omar Carrasquillo*, Case No. 22-cv-10176-VM (S.D.N.Y. Dec. 22, 2023)).

**Exhibit B** hereto is a September 26, 2023 decision by U.S. District Judge Paul A. Crotty holding that "a detailed expression of the trade dress is not necessarily a precise one. … Likewise, there is no precise expression of the trade dress if it amounts to a claim over a general category of features." *Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*, No. 20-cv-07899-PAC, 2023 U.S. Dist. LEXIS 171512, at *9, 10 (S.D.N.Y. Sep. 26, 2023). Solely for the Court's ease of reference, immediately below, BAPE reproduces the description and accompanying image for the *Cardinal Motors* trade dress as well as Nike's '905 Asserted Trade Dress:

| *Cardinal Motors* Bullitt Helmet Trade Dress | Nike's '905 Asserted Trade Dress |
|---|---|
| . . . its distinctive general overall shape with substantially curved top helmet shell shape, with the substantially curved top transitioning substantially smoothly into a thin chin protector extending roughly perpendicular to an imaginary plane defined by the helmet shell base; a flattish helmet shell base; a relatively large eyeport height (compared to the height of the chin protector); a single-level non-stepped chin bar surface; a thin chin bar height substantially thinner than the eyeport; a substantial rear overhang beyond a theoretical vertical to the shell base giving the helmet a squat appearance; and a large diameter pivot point escutcheon . . . .<br><br>*Cardinal Motors*, 2023 U.S. Dist. LEXIS 171512, at *8-9 | The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark.<br>ECF No. 27 at 21 (U.S. Registration No. 3,451,905) |
|   |  |

In its Opposition Nike argued that the "detailed" descriptions in its trade dress registrations are sufficient to warrant trade dress protection. The holding in *Cardinal Motors* supports the conclusion that despite being lengthy, Nike's descriptions are imprecise and broad enough to cover a general category of features. ECF No. 27 at 16, 20-22. Cardinal Motors also rebuts the Reloaded Opinion in Nike's NSM. ECF No. 29, Exhibit A.

Because the *Wonderful* and *Cardinal Motors* decisions bear directly on the arguments made in the Motion to Dismiss briefing (particularly Nike's Opposition), BAPE respectfully brings these authorities to the Court's attention.

Dated: January 16, 2024                                    COWAN, LIEBOWITZ & LATMAN, P.C.

By: /s/ Kieran G. Doyle
     Kieran G. Doyle (kgd@cll.com)
     Jeremy A. Berman (jab@cll.com)
114 West 47th Street
New York, New York 10036
Tel:    (212) 790-9200
Fax:   (212) 575-0671

*Counsel for Defendant USAPE LLC*