UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>USAPE LLC,<br><br>    Defendant. | Case No. 1:23-cv-00660-PGG |

**PLAINTIFF NIKE, INC.'S RESPONSE TO USAPE LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Nike, Inc. ("Nike") respectfully responds to Defendant USAPE LLC's ("BAPE") Notice of Supplemental Authority purportedly relating to its Motion to Dismiss Nike's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Notice") (ECF No. 30).  The two opinions BAPE identifies in its Notice are not relevant to the issues before this Court.

***First***, the *Wonderful Co.* opinion is irrelevant because, with respect to plaintiff's federally registered trade dress, the court held only that the plaintiff failed to sufficiently plead a likelihood of confusion (*i.e.*, the second element for trade dress infringement, which BAPE concedes Nike sufficiently pleaded)—not that the plaintiff failed to sufficiently plead that its trade dress is protectable (*i.e.*, the first element for trade dress infringement, which is the element BAPE incorrectly alleges Nike failed to sufficiently plead).  *See* ECF No. 30-1 at 8 ("Because Plaintiffs have not adequately alleged a likelihood of confusion sufficient to sustain their unregistered trade dress infringement claim, their registered trade dress infringement claim necessarily fails as well."); *see also Nike, Inc. v. Reloaded Merch LLC et al.*, No. 22 CIV. 10176 (VM), 2023 WL 8879274, at *5 (S.D.N.Y. Dec. 22, 2023) ("[R]egistering a trade dress with the USPTO 'confers on the mark's holder certain benefits in litigation, including a rebuttable presumption that the mark

is valid.' In practice, this presumption operates by satisfying prong one of the infringement test (the trade dress' validity) and shifting the inquiry to the second prong (likelihood of confusion).") (cleaned up).

**Second**, the *Cardinal Motors* opinion is irrelevant because it involves unregistered trade dress, not *federally registered* trade dress like this case. *See* ECF No. 30-2 at 5 ("The Detailed Trade Dress is an alternative pleading of the unregistered trade dress infringement claim[.]"); *see also Nike, Inc.*, 2023 WL 8879274, at *6 ("In order to ensure uniformity between registered trade dress and unregistered trade dress claims, the Supreme Court (and the lower courts) fashioned the pleading requirements for unregistered trade dress claims after the USPTO's registration requirements…. In the same vein, it is unnecessary to demand the same showing from registered trade dress holders, who have already satisfied this standard by passing through the gauntlet of the USPTO's registration process.").

| | |
|---|---|
| Date: January 17, 2024 | ARNOLD & PORTER KAYE SCHOLER LLP |
| | By: /s/ Michael J. Gershoni |
| | Christopher J. Renk (admitted *pro hac vice*) |
| | Michael J. Harris (admitted *pro hac vice*) |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | 70 W. Madison Street, Suite 4200 |
| | Chicago, IL 60602 |
| | Telephone: (312) 583-2300 |
| | Email: chris.renk@arnoldporter.com |
| | michael.harris@arnoldporter.com |
| | |
| | Bridgette C. Gershoni (admitted *pro hac vice*) |
| | Michael J. Gershoni (admitted *pro hac vice*) |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | 601 Massachusetts Ave. NW |
| | Washington, DC 20001 |
| | Telephone: (202) 942-6745 |
| | Email: bridgette.gershoni@arnoldporter.com |
| | michael.gershoni@arnoldporter.com |
| | |
| | *Attorneys for Plaintiff Nike, Inc.* |