# EXHIBIT A

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 17, 2017

Eric J. Shimanoff (ejs@cll.com)
Joel K. Schmidt (jks@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY  10036
(212) 790-9200
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CYNTHIA M. FULLWOOD, individually and on
behalf of all others similarly situated,

                Plaintiff,

   against

WOLFGANG'S STEAKHOUSE, INC. and ZMF
RESTAURANTS LLC,

                Defendants.
------------------------------------------------------------------ x

No. 13 Civ. 7174 (KPF) (HP)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE
## OF SUPPLEMENTAL AUTHORITY – *SPOKEO, INC. v. ROBINS*

      Once again, instead of submitting a mere notice of supplemental authority, Plaintiff has filed (Dkt.#86) what amounts to an impermissible sur-reply brief concerning Defendants' motion to dismiss for lack of Article III standing.  Plaintiff's arguments in its notice and the cover letter to the Second Circuit that forms part of Exhibit A attached to the notice both should be stricken. To the extent the Court considers Plaintiff's arguments, Defendants submit this response.

      Contrary to Plaintiff's position, the Ninth Circuit's opinion on remand in *Spokeo, Inc.* v. *Robins,* No. 11-56843 (9th Cir. Aug. 15, 2017) supports Defendants' motion to dismiss. Consistent with the Second Circuit's opinions in *Crupar-Weinmann v. Paris Baguette America*, No. 14-3709 (2d Cir. June 26, 2017) and *Strubel v. Comenity Bank,* 842 F.3d 181 (2d Cir. 2016), the Ninth Circuit held that a concrete injury *could* manifest from a statutory violation when the

26598/017/2320300

statutory "violation presents 'a risk of real harm' to a concrete interest identified by Congress." *Spokeo* at 10 (citing *Strubel*, 842 F.3d at 190).

In *Crupar-Weinmann*, the Second Circuit found that the purpose of FACTA is to prevent identity theft, a fact undisputed in this case. The Second Circuit then found, consistent with the express legislative record, that the mere disclosure of a credit card expiration date does not create an imminent risk of identity theft sufficient to confer Article III standing. Contrary to Plaintiff's position, the Second Circuit did not "second guess" Congress—it relied on Congress's express findings. Nor did the Ninth Circuit state any different position in *Spokeo*.

While the Ninth Circuit ultimately found Article III standing in *Spokeo*, that Court's analysis is inapplicable here given the differences between FACTA and the statutory provisions of the FCRA at issue in that case. The Ninth Circuit found that the "FCRA was crafted to protect consumers from the transmission of inaccurate information about them in consumer reports." *Spokeo* at 11. The Court found in the circumstances before it that Spokeo had publicly disseminated via the Internet a credit report containing incorrect information about the plaintiff. Moreover, and key in the Court's holding, such misinformation was of the type that would be material to potential employers reviewing the credit report, consistent with Congressional intent. Thus, there was a direct link between Spokeo's actions and the risk of harm against which the FCRA was meant to protect. The Court expressly held that **not all violations of the FCRA would implicate such risk of harm**, including those where the inaccuracies were not material to an employer's criteria. *Spokeo* at 16, 19 n.4 ("even if Congress determined that inaccurate credit reporting generally causes real harm to consumers, it cannot be the case that every trivial or meaningless inaccuracy does so").

26598/017/2320300

-3-

Here, as found by Congress and the Second Circuit, there is no direct link between the failure to redact a credit card expiration date and a material risk of identity theft.

Dated: New York, New York
      August 16, 2017

COWAN, LIEBOWITZ & LATMAN, P.C.

By:   s/ Eric J. Shimanoff
     Eric J. Shimanoff (ejs@cll.com)
     Joel K. Schmidt (jks@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200
*Attorneys for Defendants*

```
The Court agrees that Plaintiff's August 15, 2017 letter is
an impermissible sur-reply.  The Court will consider the
Ninth Circuit's decision and not the commentary thereon.

Dated:    August 17, 2017           SO ORDERED.
          New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE