UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>USAPE LLC<br>        Defendant. | **CIVIL CASE MANAGEMENT PLAN<br>AND SCHEDULING ORDER**<br><br>1:23-cv-00660 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties **do not** consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case **is** to be tried by a jury.

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5. The parties completed their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on April 11, 2023.

6. The parties must complete fact discovery no later than Friday, October 25, 2024.

7. The parties must complete expert discovery no later than Friday, December 20, 2024.

    a. Every party-proponent that intends to offer expert testimony in respect of a claim– including any counterclaim, cross-claim or third-party claim–must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by Friday, November 15, 2024. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by Friday, December 6, 2024.

    b.    No party may offer expert testimony–whether designated as "rebuttal" or otherwise–beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 6(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 6.

    c.    Plaintiff anticipates expert testimony concerning the following issue(s): Likelihood of confusion and/or dilution.

    d.    Defendant anticipates expert testimony concerning the following issue(s): Lack of secondary meaning in alleged trade dress, functionality of alleged trade dress, lack of fame needed to support claim of dilution and lack of likelihood of confusion or dilution.

8. No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

9. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by Friday, January 10, 2025. Opposition letters are due Friday, January 17, 2025.

10. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

11. Counsel for the parties have conferred and their present best estimate of the length of trial is: 5 days.

12. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a Ready Trial Date. At any time on or after the Ready Trial Date, the Court may call the parties to trial upon 48 hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come before the Court notifies counsel of an actual trial date, not after counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

13. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they must immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York
 March 14, 2024

SO ORDERED.

Paul G. Gardephe
United States District Judge.