## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
NIKE, INC.                                                     :
                                                               :
          Plaintiff and Counterclaim Defendant,                :
                                                               :     Case No. 1:23-cv-00660
               -against-                                       :
                                                               :
USAPE LLC                                                      :
                                                               :
          Defendant and Counterclaim Plaintiff.                :
------------------------------------------------------------- X
```

## ANSWER TO COMPLAINT

Defendant USAPE LLC ("Defendant" or "BAPE"), by its attorneys, Cowan, Liebowitz & Latman, P.C., as and for its Answer to the Complaint of Plaintiff Nike, Inc. ("Plaintiff" or "Nike"), alleges as follows:

### PRELIMINARY STATEMENT

1.    Defendant denies the allegations in Paragraph 1.

2.    Defendant denies the allegations in Paragraph 2.

3.    Defendant admits that it introduced the footwear at issue in the United States in 2005, and otherwise denies the allegations in Paragraph 3.

4.    Defendant denies the allegations in Paragraph 4.

5.    Defendant denies the allegations in Paragraph 5.

### THE PARTIES

6.    Defendant admits the allegations in Paragraph 6.

7.    Defendant admits the allegations in Paragraph 7.

### JURISDICTION AND VENUE

8.    Defendant admits the allegations in Paragraph 8.

9.      Defendant admits that this Court may exercise personal jurisdiction over Defendant, and otherwise denies the allegations in Paragraph 9.

10.      Defendant admits that venue is proper in this district, and otherwise denies the allegations in Paragraph 10.

## FACTUAL BACKGROUND

**A.      Nike**

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.      Defendant denies the allegations in Paragraph 14.

15.      Defendant denies the allegations in Paragraph 15.

**B.      Nike's Air Force 1 Trade Dress**

16.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Defendant admits that Nike has registered the trade dress alleged in Paragraph 24 with the U.S. Patent and Trademark Office, but denies that Nike validly owns the trade dress described in those registrations.

25.     Defendant denies the allegations in Paragraph 25.

**C.     Nike's Dunk Trade Dress**

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendant admits that Nike has registered the trade dress alleged in Paragraph 30 with the U.S. Patent and Trademark Office, but denies that Nike validly owns the trade dress described in that registration.

31.     Defendant denies the allegations in Paragraph 31.

**D.      Nike's Air Jordan 1 Trade Dress**

32.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.      Defendant admits that Nike has registered the trade dress alleged in Paragraph 37 with the U.S. Patent and Trademark Office, but denies that Nike validly owns the trade dress described in those registrations.

**E.      Nike Maintains Strict Control Over Its Trademarks And Nike's Related Business Reputation And Goodwill**

38.      Defendant admits that Nike has defined the term "Asserted Marks" as described in Paragraph 38.

39.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.      Defendant denies the allegations in Paragraph 40.

**F.      BAPE's Unlawful Activities**

41.      Defendant denies the allegations in Paragraph 41.

42.      Defendant denies the allegations in Paragraph 42.

4

43.     Defendant admits that BAPE was founded in Japan by Tomoaki Nagao in 1993, that BAPE initially sold apparel exclusively in Japan, that BAPE is popular, and that BAPE began selling footwear in Japan, including the BAPE STA, in the early 2000s.  Defendant otherwise denies the allegations in Paragraph 43.

44.     Defendant admits that BAPE began selling its products in the United States in the mid-2000s, and otherwise denies the allegations in Paragraph 44.

45.     Defendant admits that Nike met with BAPE in 2009, that Nagao stepped down as BAPE's CEO in 2009, and that it maintained a brick and mortar store in the United States in 2010.  Defendant otherwise denies the allegations in Paragraph 45.

46.     Defendant admits that it opened a Los Angeles store in 2018, a Miami store in 2019, and a new store location in New York City in 2021, and that the BAPE STA, COURT STA, and SK8 STA sneakers are available for purchase nationwide on Defendant's website and in its United States stores.  Defendant further admits that CVC Capital Partners Asia V Limited has invested in BAPE.  Defendant otherwise denies the allegations in Paragraph 46.

47.     Defendant admits that Paragraph 47 shows images of Defendant's sneakers next to Nike's asserted marks, and otherwise denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant admits that its sneakers were not manufactured by Nike, and otherwise denies the allegations in Paragraph 50.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 57.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

## COUNT I: TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. § 1114

60.     Defendant adopts and incorporates its responses to Paragraphs 1 through 59 of the Complaint.

61.     To the extent that the allegations in Paragraph 61 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 61.

62.     To the extent that the allegations in Paragraph 62 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 62.

63.     To the extent that the allegations in Paragraph 63 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 63.

64.     To the extent that the allegations in Paragraph 64 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 64.

65.     To the extent that the allegations in Paragraph 65 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 65.

32522/002/4313247.1

66.     To the extent that the allegations in Paragraph 66 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 66.

67.     To the extent that the allegations in Paragraph 67 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 67.

## COUNT II: FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(A)

68.     Defendant adopts and incorporates its responses to Paragraphs 1 through 67 of the Complaint.

69.     To the extent that the allegations in Paragraph 69 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 69.

70.     To the extent that the allegations in Paragraph 70 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 70.

71.     To the extent that the allegations in Paragraph 71 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 71.

72.     To the extent that the allegations in Paragraph 72 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 72.

73.     To the extent that the allegations in Paragraph 73 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 73.

74.     To the extent that the allegations in Paragraph 74 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 74.

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

75.     Defendant adopts and incorporates its responses to Paragraphs 1 through 74 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     To the extent that the allegations in Paragraph 79 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 79.

80.     To the extent that the allegations in Paragraph 80 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 80.

81.     To the extent that the allegations in Paragraph 81 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 81.

## COUNT IV: TRADEMARK INFRINGEMENT UNDER NEW YORK GENERAL BUSINESS LAW § 133

82.     Defendant adopts and incorporates its responses to Paragraphs 1 through 81 of the Complaint.

83.     To the extent that the allegations in Paragraph 83 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 83.

84.     To the extent that the allegations in Paragraph 84 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 84.

85.     To the extent that the allegations in Paragraph 85 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 85.

86.     To the extent that the allegations in Paragraph 86 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 86.

87.     To the extent that the allegations in Paragraph 87 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 87.

88.     To the extent that the allegations in Paragraph 88 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 88.

89.     To the extent that the allegations in Paragraph 89 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 89.

## COUNT V: DILUTION UNDER
## NEW YORK GENERAL BUSINESS LAW § 360-L

90.     Defendant adopts and incorporates its responses to Paragraphs 1 through 89 of the Complaint.

91.     To the extent that the allegations in Paragraph 91 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 91.

92.     To the extent that the allegations in Paragraph 92 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 92.

93.     To the extent that the allegations in Paragraph 93 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 93.

94.     To the extent that the allegations in Paragraph 94 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 89.

95.     To the extent that the allegations in Paragraph 95 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 89.

96.     To the extent that the allegations in Paragraph 96 are legal conclusions, no response is required.  Insofar as a response is required, Defendant denies the allegations in Paragraph 96.

## JURY DEMAND

97.     Defendant admits that Nike demands a trial by jury.

10

**NIKE'S PRAYER FOR RELIEF**

98.     Defendant denies that Nike is entitled to any of the relief requested in its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses against the Amended Complaint, Defendant alleges as follows:

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Nike's claims are barred by the doctrines of laches, acquiescence, and estoppel.

**Third Affirmative Defense**

Nike's claims fail because Nike does not possess valid rights in its asserted trade dress, which it has abandoned by granting naked licenses in that trade dress, and by allowing private labelling of its purported trade dress.

**Fourth Affirmative Defense**

Nike's claims fail because its rights in its purported trade dress, if any, are thin due the United States marketplace being full of third-party sneakers that feature the same characteristics asserted by Nike as its trade dress.

**Fifth Affirmative Defense**

Nike has not suffered any injury or damages that are the result or proximate result of any act, affirmative or otherwise, committed by Defendant and, therefore, the relief sought by Nike cannot be granted.

**Sixth Affirmative Defense**

Nike's damages, if any, are remote, uncertain, speculative and without basis in law or fact.

## Seventh Affirmative Defense

Nike has failed to mitigate its damages, if any, in whole or part.

## Eighth Affirmative Defense

Nike has waived the right, if any, to pursue its claims by reason of its own actions and course of conduct, including but not limited to estoppel and/or the doctrine of unclean hands.

\* \* \*

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff USAPE LLC ("Defendant" or "BAPE"), by its attorneys, Cowan, Liebowitz & Latman, P.C., as and for its Counterclaim against of Plaintiff and Counterclaim Defendant Nike, Inc. ("Plaintiff" or "Nike"), alleges as follows:

## NATURE OF THE COUNTERCLAIM

1.      Defendants bring these Counterclaim for cancellation of Plaintiffs' registrations in its Air Force 1, Air Jordan 1, and Dunk trade dress, as described in Paragraphs 24, 30, and 37 of the Complaint (the "Nike Registrations"), pursuant to Lanham Act Sections 14 and 37, 15 U.S.C. §§ 1064 and 1119.

2.      By granting third parties "naked licenses," (i.e. permission  to use Nike's purported trade dress without maintaining any control over the quality of the sneakers bearing that trade dress) Nike has abandoned any rights it may have developed in that trade dress.

3.      Additionally, by allowing others sneaker brands to place their word marks and logos on sneakers bearing Nike's purported trade dress but without Nike's word marks or logos, Nike eliminated any connection consumers may have had between the purported trade dress on one hand, and Nike as the source of sneakers bearing that trade dress on the other.

4.      By allowing widespread third-party use of Nike's purported trade dress, Nike abandoned its rights in such trade dress.

32522/002/4313247.1

**THE PARTIES**

5.      BAPE is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 91 Greene Street, New York, New York 10012.

6.      Nike is a corporation organized under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon

**JURISDICTION AND VENUE**

7.      The Court has subject matter jurisdiction over BAPE's cancellation claim arising under the Lanham Act pursuant to 15 U.S.C. § 1119 and 28 U.S.C. §§ 1331 and 1338.

8.      This Court has personal jurisdiction over Nike since it filed the Complaint in this District and therefore has consented to personal jurisdiction concerning the Counterclaim, which is related to Nike's claims.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

**FACTS**

**Background**

10.     Nike claims trade dress protection in the look of its Air Force 1, Air Jordan 1, and Dunk sneakers (the "Alleged Trade Dress"), i.e. according to Nike, the sneakers themselves serve a source indicative function independent of its "swoosh" logo, its NIKE word mark or any of the other word marks that appear on these sneakers.

11.     BAPE first sold sneakers with attributes claimed by Nike as part of its Alleged Trade Dress in 2000.

12.     BAPE has sold the sneakers that are the subject of the Complaint in this action in the United States since 2005 (the "BAPE Sneakers").

13

13.     In October 2009, Nike's in-house counsel and Nike's V.P. of footwear flew to Japan twice to meet with BAPE's leadership, where Nike objected to BAPE's sneaker designs as purportedly infringing Nike's trade dress.

14.     On October 22, 2009, following these two meetings, Nike presented BAPE with a proposed agreement that would require BAPE to stop selling its BAPESTA sneakers.

15.     On October 22, 2009, BAPE rejected this agreement in an email that read:

> We appreciate your efforts in coming over to Japan to discuss and present the license agreement in person. On careful review the license is not something we can rush to agree to since we do not perceive that Nike would have, at this late date, if at all, any viable or actionable claims against Nowhere/BAPE. Perhaps we are overlooking something - so in the interest of mutual cooperation, we would be more than amenable to reconsider our position, provided that you expressly spell out for us what claims Nike believes that it could advance against Nowhere/BAPE. Once we receive this information, we will be able to more fully consider your offer of a license.  look forward to hearing from you.

16.     Even after being confronted with BAPE's assessment that Nike had no "viable or actionable claims" and despite being invited to "spell out what claims Nike believes that it could advance," Nike failed to provide the specifics of its trade dress claims and dropped the matter in 2009.

17.     Three years later, in 2012, Nike introduced its new in-house counsel to BAPE indicating that he wanted to further discuss Nike's concerns regarding the BAPESTA sneakers. But Nike's new in-house counsel never contacted BAPE.

18.     BAPE has sold sneakers out of its store in New York City since 2005, including the BAPE Sneakers.

19.     Although there is no doubt that Nike was aware of the BAPE Sneakers since at least 2009 when Nike first engaged in conversations with BAPE about those sneakers, Nike waited until 2022 to bring this action alleging that the BAPE Sneakers infringe Nike's Alleged Trade Dress.

14

**Nike's Naked Licensing**

20.     In the interim, Nike has granted at least one sneaker company, plus any other entity licensed by that sneaker company, immunity from suit in order to save its feeble AirForce 1 trade dress registration from cancellation.

21.     Specifically, in 2009 Nike sued Already LLC ("Already") in the Southern District of New York, Case No. 1:09-cv-6366, alleging that two of Already's athletic shoes violated Nike's Air Force 1 trademark.

22.     Already counterclaimed, challenging the validity of Nike's Air Force 1 trade dress registration.

23.     In response to that counterclaim, Nike issued a Covenant Not to Sue, (the "Covenant Not to Sue") agreeing not to raise any trademark or unfair competition claims against Already or any of Already's past or future licensees of Already's footwear designs based on the Air Force 1 trade dress.

24.     In the preamble of the Covenant Not to Sue, Nike wrote that "Already's actions . . . no longer infringe or dilute the NIKE Mark at a level sufficient to warrant the substantial time and expense of continued litigation."

25.     Despite this, Already persisted in its efforts to cancel the Air Force 1 registration. But in 2013, the United States Supreme Court ruled that the covenant not to sue mooted Already's counterclaim.  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 101 (2013).

26.     While Nike owns three registrations for its Air Force 1 trade dress – Reg. Nos. 3,451,905, 3,451,906, and 5,820,374 – Nike's Covenant Not to Sue resulted in the invalidation of Nike's purported rights in that trade dress by granting third-parties permission to use its purported trade dress on sneakers without retaining any control over the quality of those sneakers.

27.     Nike has thus engaged in naked licensing, which results in the abandonment of its trademark rights in the Air Force 1 trade dress.

**Nike's Private Labeling**

28.     The Covenant Not to Sue also permitted the private labelling of sneakers featuring Nike's purported Air Force 1 trade dress.  That is, it permitted a third party and any other entity licensed by that party, to place their own trademarks, both word marks and logos, on sneakers bearing Nike's purported trade dress, but not bearing any of Nike's word marks or logos.

29.     By doing this, Nike severed the connection in the minds of consumers between Nike's purported Air Force 1 trade dress and Nike as a source.  This is because consumers would be confronted with sneakers bearing Nike's purported trade dress, without the Nike word marks or Logo, but instead bearing the word marks and logos of others.

**Third-Party Use**

30.     Upon information and belief, Nike has permitted widespread third-party use of its purported Air Force 1, Air Jordan 1, and Dunk trade dress, beyond the use of the Air Force 1 trade dress by Already.

31.     This allowance of third-party use of Nike's purported trade dress has resulted Nike's abandonment of its rights in that trade dress.

### COUNT I

**Cancellation of Registered Trademarks**
**Lanham Act §§ 14 and 37, 15 U.S.C. §§ 1064 and 1119**

32.     BAPE repeats and reallege the allegations set forth in Paragraphs 1 through 23 above with the same force and effect as if set forth fully herein.

33.     Nike has abandoned any rights that may have existed in the Alleged Trade Dress due to its failure to adequately police, monitor, control, and/or regulate the use of the Alleged

16

Trade Dress by customers, distributors, competitors, and other third parties selling sneakers with the Alleged Trade Dress.

34.     Upon information and belief, consumers do not recognize the Alleged Trade Dress as trade dress, but rather as generic categories of sneakers.

35.     Due to this abandonment, none of the Alleged Trade Dress constitute valid and protectable trademarks or trade dress.

36.     Additionally, the Alleged Trade Dress consists of potentially patentable, but unpatented, subject matter that was fully disclosed to the public long before 2007, while the earliest Nike Registrations were obtained in June 2008.  The Alleged Trade Dress is thus in the public domain as a matter of federal patent law.

37.     Further, the Alleged Trade Dress are functional, and the file wrappers for the Nike Registrations do not contain evidence sufficient to support any finding or conclusion that the Alleged Trade Dress are non-functional.

38.     Therefore, the Court should order the USPTO to cancel each of the Nike Registrations—Reg Nos. 3,451,905, 3,451,906, 5,820,374, 3,711,305, 6,368,694, and 6,368,691—pursuant to Lanham Act Sections 14 and 37, 15 U.S.C. §§ 1064, 1119.

WHEREFORE, Defendants respectfully request that this Court enter judgment in Defendants' favor and against Plaintiffs as follows:

A.     Dismissing Nike's claims with prejudice;

B.     Ordering that the USPTO cancel each of the Nike Registrations;

C.     Ordering that BAPE recover its reasonable attorneys' fees from Nike, together with the costs of this action; and

D.     Ordering that BAPE be granted such other and further relief as the Court deems just and proper.

17

## <u>JURY TRIAL DEMAND</u>

BAPE demands a jury trial in this action pursuant to Rule 38 of the Federal Rules of Civil

Procedure as to all issues triable to a jury of this lawsuit.

Dated: March 18, 2024

COWAN, LIEBOWITZ & LATMAN, P.C.

By:<u>/s/ Kieran G. Doyle</u>
   Kieran G. Doyle (kgd@cll.com)
   Jeremy A. Berman (jab@cll.com)
114 West 47th Street
New York, New York 10036
Tel:   (212) 790-9200
Fax:   (212) 575-0671

*Counsel for Defendant USAPE LLC*

18

32522/002/4313247.1